**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 17-cv-00155-RM-STV

JAMES AMEDEE, On Behalf of Himself and All Others Similarly Situated,

      Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, INC.,
JEFF K. STOREY,
JAMES O. ELLIS, JR.,
KEVIN P. CHILTON,
STEVEN T. CLONTZ,
IRENE M. ESTEVES,
T. MICHAEL GLENN,
SPENCER B. HAYS,
MICHAEL J. MAHONEY,
KEVIN W. MOONEY,
PETER SEAH LIM HUAT, and
PETER VAN OPPEN,

      Defendants.

---

## ORDER

---

This matter is before the Court on the following: (1) Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Brief in Support (the "Motion to Approve") (ECF No. 31); and (2) Joint Motion to Strike Response of Dean Houser to Plaintiff's Motion for Preliminary Approval, or in the Alternative to Establish a Deadline for Reply (the "Motion to Strike") (ECF No. 39). Upon consideration of the motions, the court record, and the applicable rules and case law, and being otherwise fully advised, the Court (1) denies without prejudice Plaintiff's Motion to Approve; and (2) grants the Motion to Strike.

# I. BACKGROUND

This case arises from the merger by which CenturyLink, Inc. (via certain wholly-owned subsidiaries) acquired Defendant Level 3 Communications, Inc. ("Level 3"), and the disclosures which preceded such merger. Briefly, this is what transpired.

On January 17, 2017, Plaintiff filed his class action complaint on behalf of public stockholders of Level 3 to enjoin the vote on a proposed transaction in which Level 3 would be acquired by CenturyLink. Plaintiff alleged that the proposed transaction resulted from an inadequate process; Level 3 "insiders" stood to gain handsomely from the proposed transaction; and the Schedule 14A Preliminary Proxy Statement filed with the U.S. Securities and Exchange Commission ("SEC"), which recommended that Level 3 shareholders vote in favor of the proposed transaction, omitted and/or misrepresented material information. Based on such allegations, Plaintiff asserted Defendants (consisting of Level 3 and its Board of Directors) violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, and Rule 14a-9. In his complaint, Plaintiff sought class certification and to enjoin the stockholder vote on the proposed transaction and, if the proposed transaction was consummated, for rescission or rescissory damages.

As represented in the Motion to Approve, after the filing of the complaint, the parties engaged in settlement discussions; reached an agreement-in-principle memorialized in a Memorandum of Understanding (the "MOU") dated February 9, 2017, where Defendants agreed to disclose certain additional information concerning the merger ("Supplemental Disclosures") to Level 3 shareholders prior to the shareholder vote. Thereafter, on February 13, 2017, Level 3 and CenturyLink filed a joint definitive proxy statement/prospectus included in a registration

statement on Form S-4 with the SEC (the "Definitive Proxy"). The Definitive Proxy included the Supplemental Disclosures.

On March 16, 2017, approximately 81.2% of Level 3's outstanding shares of common stock voted in favor of approving the merger.

Following the merger, Plaintiff represents, he conducted additional investigation (including taking depositions) to confirm the terms of the proposed settlement (i.e., the non-monetary benefit of requiring that CenturyLink provide the Supplemental Disclosures in exchange for an expansive release related to the merger) were fair and reasonable.

On November 1, 2017, the merger closed. Thereafter, the parties entered into a Stipulation of Settlement (ECF No. 31-2) and filed the Motion to Approve that is now before this Court. Under the Motion to Approve, a non-opt-out class would settle this action based on what has occurred – the issuance of the Supplemental Disclosures – with no monetary (or nonmonetary) benefit.

## II.  ANALYSIS: THE MOTION TO STRIKE

On October 23, 2018, Dean Houser, an alleged shareholder of Level 3 stock during the relevant time period, filed an "objection" to the Motion to Approve. Mr. Houser's objection was filed long after the due date for any responses to the Motion to Approve, and without leave of Court. Hence, the parties filed their Motion to Strike, arguing Mr. Houser's objection was untimely. Mr. Houser fails to respond to the Motion to Strike. Upon review, the Court agrees. Accordingly, the Motion to Strike is granted and Mr. Houser's objection is stricken.

## III.     ANALYSIS: MOOTNESS

A federal court has an independent obligation to examine its own jurisdiction at every stage of the proceeding. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir. 2001). Based on the Court's review of the papers, a question of mootness is raised.[1]

The federal courts' jurisdiction extends only to actual cases or controversies. *Garcia v. Bd. of Educ. of Albuquerque Pub. Sch.*, 520 F.3d 1116, 1123 (10th Cir. 2008). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotations and citation omitted). "Mootness is implicated when a case or controversy, originally present, ceases to exist." *Smallwood v. Scibana*, 227 F. App'x 747, 748 (10th Cir. 2007) (unpublished). "Mootness is the most notable exception to that general rule [that subject matter jurisdiction, once properly attached, does not vanish]; the jurisdiction of a federal court evaporates when subsequent events terminate the controversy extant at the inception." *Smallwood*, 227 F. App'x at 748 (citing *Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 706 (10th Cir. 2004) (further citing omitted)).

In this case, the primary relief sought was an injunction – to enjoin the stockholder vote on the proposed transaction. But, that stockholder vote has already occurred, and apparently with the consent of Plaintiff; thus, that relief sought may not be had. As an alternative, if the proposed transaction was consummated, Plaintiff sought rescission or rescissory damages. But, the transaction went forward with Plaintiff and Plaintiff's counsel's blessing. It would be

---

[1] The Court notes the papers contemplate Plaintiff seeking a mootness fee, should there be no approval of the settlement. (*See*, e.g., ECF No. 31-2, pp. 13, 15, 16, 17.)

disingenuous to now seek to rescind that which they let go forward.  And, of course, the

Stipulation of Settlement was filed under Rule 11 of the Federal Rules of Civil Procedure and

specifically stated Plaintiff "is agreeing to the Settlement only because the Supplemental

Disclosures resulting from the Action and the Settlement permitted Level 3's shareholders to

make a materially more fully informed decision as to whether to vote for or against the Merger."

(ECF No. 31-2, p. 24.) [2]  Thus, it appears rescission (or rescissory damages) based on alleged

nondisclosures are not being – and cannot now be – sought.  Accordingly, Plaintiff shall show

cause why this case should not be dismissed without prejudice as moot.[3]

Nonetheless, as the Motion to Approve has been pending a long time (due to the Court's

docket and not to any action by the parties), the Court addresses the Motion to Approve, should

Plaintiff convince the Court this matter is not moot.

## IV.    ANALYSIS:  THE MOTION TO APPROVE

In reviewing the Motion to Approve, the Court considers the Class Action Fairness Act,

28 U.S.C. § 1711 et seq. ("CAFA"); the Private Securities Litigation Reform Act, 15 U.S.C. §

78u-4 ("PSLRA"); and Fed. R. Civ. P. 23.  Upon such review, the Court finds the Motion to

Approve wanting in several respects.

---

[2] The Court recognizes the Stipulation of Settlement provides that it may not be used by any person in the action except for limited purposes.  The Court, of course, is not a party to the action.  And, the Court would be remiss were it not to hold counsel to their Rule 11 obligations.

[3] Indeed, Plaintiff is requesting a post-hoc approval of what the parties not only already agreed to but also executed. The papers contemplate that, under certain circumstances, the parties would revert to their prior respective positions. But that is impossible here – the deed is done.

Of course, any settlement between Plaintiff individually and Defendants does not require court approval.  It is only if the Court grants class action certification – binding the proposed class to what has transpired – that approval of any settlement is required.

**A. CAFA**

At this juncture, the Court finds the requirements under CAFA appear to be satisfied.[4]

*See* ECF No. 33 (Defendants' compliance).

**B. PSLRA**

Under the PSLRA, as relevant here, the following is required of Plaintiff:

Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class--

(I) of the pendency of the action, the claims asserted therein, and the purported class period; and

(II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i). This notice is "in addition" to any notice required under the

Federal Rules of Civil Procedure, i.e., Rule 23. 15 U.S.C. § 78u-4(a)(3)(A)(iii).

In this case, Plaintiff fails to show that any such notice was published.[5] For this reason

alone – as the Motion to Approve assumes Plaintiff will be the class representative/lead plaintiff

in this case – the Motion to Approve is subject to denial.

---

[4] Plaintiff's compliance with CAFA is a close issue. For example, Plaintiff's sworn certificate shows it is a form, and states he has reviewed a "draft" of the complaint. In this instance, the Court finds substantial compliance sufficient to satisfy § 78u-4(a)(2).

[5] The Court recognizes Mr. Houser's response purports to contain such a publication (which he argues was untimely) but, as stated, the Court agrees Mr. Houser's response is untimely and it has been stricken.

In addition, the PSLRA also provides that, after a compliant notice is given, the Court is to appoint the "most adequate plaintiff" as lead plaintiff. But, that has not occurred either.[6] But, the problems do not end with the PSLRA.

## C. Rule 23

As Plaintiff recognizes, at this stage of the approval process, he must show there is "probable cause" to submit the proposed settlement to putative class members; there should not be "obvious deficiencies" in the proposed settlement; and the terms should be "within the range of possible approval." (ECF No. 31, pp. 9-10.) As part of this preliminary approval process under Rule 23, the Court examines not only the Stipulation of Settlement but also the attendant notice and other information to be provided to class members.

### 1. Rule 23(c): Class Definition, Notice

The Court's review of the papers triggers two concerns. First, Rule 23(c)(1) requires any order certifying a class action to define the class. The Motion to Approve and Stipulation of Settlement, however, sets forth one proposed non-opt-out class (ECF No. 31, p. 14; No. 31-2, p. 7) but the proposed Notice identifies another (ECF No. 31-2). Specifically, the proposed class in the Notice does not exempt out the Defendants, their immediate families, heirs, and assigns as class members. The Court finds this discrepancy needs to be addressed.

Next, Rule 23(c)(2) provides, for a Rule 23(b)(2) type of class action as that sought here, the Court "may direct appropriate notice to the class." As set forth in various sections in this

---

[6] If it is Plaintiff's position that, if no motion to serve as lead plaintiff is filed after proper notice, Plaintiff is determined lead plaintiff by default, Plaintiff presents no argument to that effect for the Court's consideration.

Order, the Court finds the Notice proposed is not appropriate. In addition, the Court raises the following issues, which Plaintiff needs to address in any refiled papers.

- The Notice provides it is also given pursuant to Rule 23.1. The Court does not find the complaint to be such an action; if it were, it does not comply with Rule 23.1, e.g., the complaint is not verified;

- The Notice provides "nothing in this Notice should be taken to mean that there would necessarily be any recovery in the lawsuit in the event the proposed settlement is not approved." (ECF No. 31-2, p. 57.) However, as the Court reads the papers, there is or will be no "recovery." The Notice should so clearly state;

- The Notice references "unknown claims" "as defined in the preceding paragraph" but the Court finds no such definition in the preceding paragraph. (ECF No. 31-2, p. 62.);

- Any motion for fees must be submitted sufficiently in advance of the date for any objections, so that class members know the exact request made by Plaintiff's counsel and, accordingly, whether to lodge any objection to the same;

- The Notice should be mailed at least 90 days before any final settlement hearing to allow for any remailing, if necessary;

- The Notice should advise class members of counsel's intent to seek mootness fees should any settlement not be approved; and

- The Notice should not include a signature block for the Clerk.

### 2. *Rule 23(a)*

The four requirements under Rule 23(a) are numerosity, commonality, typicality, and fair and adequate representation. *See* Fed. R. Civ. P. 23(a)(1)-(4); *Menocal v. GEO Grp., Inc.*, 882 F.3d 905, 914 (10th Cir. 2018), cert. denied, 139 S. Ct. 143, 202 L. Ed. 2d 34 (2018) (discussing commonality and typicality requirements). At least facially, the first three requirements appear to be sufficiently shown. The fourth requirement, however, is not.

Rule 23(a)(4)'s adequacy of representation requirement necessitates the resolution of two questions: "'(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir. 2002) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). Plaintiff analyzes this requirement with him as plaintiff and his counsel as class counsel. The Court finds, however, the adequacy of representation is tied to PSLRA's requirement of early notice for appointment of a lead plaintiff, the determination of the most adequate plaintiff, and *that plaintiff's* – the most adequate plaintiff's – selection of counsel. But, as stated above, the Court finds there has been no showing the requisite notice was given in this case. Thus, the Court could not even begin to analyze this factor, or to find that it has been sufficiently shown.

### 3. *Rule 23(b)(2)*

Plaintiff asserts that certification is maintainable under Rule 23(b)(2), which requires a showing that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." But, that is not what the proposed Notice provides.

Instead, the Notice states "On _____, 2018, the Court entered an Order Preliminarily Approving Settlement…which preliminarily found and determined, for purposes of the proposed Settlement only, that the Action may proceed as a non-opt-out class action under ***Rules 23(a), 23(b)(1), and/or 23(b)(2)*** of the Federal Rules of Civil Procedure." (ECF No. 31-2, p. 59, emphasis added.) Of course, even if the Motion to Approve were to be approved, which it is not, the Court would not be entering an order preliminary approving the matter on a basis which was not raised, requested, or addressed. Any revised notice needs to accurately reflect what Plaintiff requests the Court to approve.

### 4. *Rule 23(e): fair, reasonable, and adequate*

Rule 23(e) provides that the Court may approve a proposal only after a hearing and finding it is "fair, reasonable, and adequate" after considering several factors. The Court finds issues with whether the proposal passes muster under such factors.

First, Plaintiff seeks approval of a non-opt-out settlement class with no monetary benefits. The Motion to Approve, however, fails to sufficiently show why a nonmonetary benefit settlement in this instance is "fair, reasonable, and adequate." Moreover, the proposed Notice fails to clearly set forth that no monetary benefit will be received and the reasons why it is so. Indeed, it appears the papers specifically omit identifying one form of the relief that Plaintiff sought in his complaint, i.e., rescission or rescissory damages should the deal go forward. Any renewed motion shall set forth the bases for such a settlement, and any revised proposed notice must clearly disclose there will be no monetary benefit and set forth the bases for such a settlement.

Next, the Court was not provided with an actual copy of the February 13, 2017, Definitive Proxy which Plaintiff represents provided the missing material disclosures. The Court finds Exhibit A (ECF No. 31-2), with the handwritten notations of what were allegedly provided, to be insufficient.

Third, the Court find that the MOU may assist in evaluating the merits of any proposed settlement and directs the filing of the same with any renewed motion.

Fourth, the Stipulation of Settlement identifies another lawsuit which was dismissed without prejudice, apparently filed right after this lawsuit, and which appears to have also been instituted by Plaintiff's counsel in this case. Any renewed filing should provide the docket sheet/registry of action for that action, *Muresan v. Level 3 Communications, Inc.*, Case No. 2017-63 (Del. Ch. Jan. 26, 2017) (the "Delaware Action"), along with the complaint(s) and any responsive pleading. And, if Plaintiff's current counsel was counsel in *Muresan*, a reasoned explanation for the filing and subsequent dismissal of that lawsuit as well as the billing records associated with such action should also be provided.

Fifth, the proposal fails to account for the return of any notice mailed but returned as undeliverable. Any refiled papers need to address this issue, including the remailing of any notice returned where a new address is readily ascertainable. And, the identity of the claims administrator should be disclosed.

Sixth, the Stipulation of Settlement includes a release related to the Delaware Action, but no information has been provided to the Court to assess why such a release should be included in this action and whether such a release is "fair, reasonable, and adequate." And, speaking of releases, the Court requires a reasoned explanation of why the release is so broad – releasing

anything and everything relating to the merger – when the relief sought in the complaint is so narrow, i.e., additional disclosures.

Seventh, paragraph 12 of the Stipulation of Settlement refers to "paragraph (d)" but the Court knows not to what that refers. (ECF No. 31-2, p. 20.)

In summary, the papers fall far short of showing the Motion to Approve should be granted.

### 5. *Rule 23(g): Class Counsel, Attorney's Fees, and Nontaxable Costs*

Pursuant to Rule 23(g), a court that certifies a class must appoint class counsel. Plaintiff's attorneys represent that they have extensive experience and expertise in shareholder class action litigation. The Court finds such information, however, is insufficient. While an attorney must have the requisite qualifications to serve as class counsel, the Court also must find the attorney has demonstrated that he/she should be appointed counsel for *this* class. The record here fails to support such a finding.

First, as discussed above, Plaintiff was to provide notice under the PSLRA. From there, the Court must determine the "most adequate plaintiff." It is *this* plaintiff – the most adequate plaintiff – who, subject to the Court's approval, selects and retains counsel to represent the class. 15 U.S.C. § 78u-4(a)(3). But, of course, without a showing the requisite notice has been given, the Court is unable to determine that it is the Plaintiff before the Court who is to select counsel.

Next, under Rule 23(h), the Court may award reasonable attorney's fees and nontaxable costs authorized by law or the parties' agreement. In this case, the parties have not reached an agreement and the Court has no idea of the amount of proposed fees Plaintiff's counsel may seek. The settlement is not contingent upon the Court's approval of any fees which may be

requested (e.g., ECF No. 31-2, p. 63), but the Court nonetheless finds that sufficient notice must be given to the proposed class regarding any fees counsel may seek, so class members can make an informed decision as to whether they may wish to object. Thus, before the Court will appoint class counsel, counsel shall submit their proposed terms for attorney's fees and taxable costs. *See* Rule 23(g)(1)(C). In addition, the proposed notice must contain this information and provide that a copy of any motion for fees is available from class counsel. Further, counsel is advised that any motion for fees must contain sufficient information so that the Court may conduct a lodestar analysis/cross-check and evaluate the fees request in light of the "monetary" value of the nonmonetary benefits asserted in this settlement. Thus, for example, counsel should maintain adequate records and provide sufficient information as to reasonable hours and rates for the Court to do so.

### D. The Proposed Order (ECF No. 31-2)

The proposed order contains matters which the Court raises as issues to be addressed, such as the (erroneous) statement that Plaintiff has applied for preliminary approval under "Rules 23, 23.1, and 41." (ECF No. 31-2, p. 46.)

### IV. CONCLUSION

In summary, the first issue is mootness – is this case moot? Next, if this case is not moot, in light of the deficiencies, the Court declines to approve the Motion to Approve. If any renewed motion for relief is filed, it must address the deficiencies the Court raises and ensure that it otherwise shows compliance with all applicable rules and statutes. The Court will not simply sign off on any request with one swift stroke. Accordingly, it is ORDERED

(1) That on or before **Friday, March 29, 2019**, Plaintiff shall **SHOW CAUSE** why this action should not be dismissed without prejudice as moot;

(2) That the Joint Motion to Strike Response of Dean Houser to Plaintiff's Motion for Preliminary Approval, or in the Alternative to Establish a Deadline for Reply (ECF No. 39) is **GRANTED** and that Dean Houser's Objection (ECF No. 38) is **STRICKEN**; and

(3) That Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Brief in Support (ECF No. 31) is **DENIED WITHOUT PREJUDICE**.

DATED this 15th day of March, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge