IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 17-cv-00155-RM-STV

JAMES AMEDEE, On Behalf of Himself and All Others Similarly Situated,

    Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, INC.,
JEFF K. STOREY,
JAMES O. ELLIS, JR.,
KEVIN P. CHILTON,
STEVEN T. CLONTZ,
IRENE M. ESTEVES,
T. MICHAEL GLENN,
SPENCER B. HAYS,
MICHAEL J. MAHONEY,
KEVIN W. MOONEY,
PETER SEAH LIM HUAT, and
PETER VAN OPPEN,

    Defendants.
_____

**ORDER DISMISSING CASE AS MOOT**
_____

This matter is before the Court on Plaintiff's response (ECF No. 42) to the Court's order to show cause why this action should not be dismissed as moot. The response attempts to reassure the Court this case is not moot, but the Court is not persuaded.[1]

    **I.    Is Plaintiff's complaint only partially mooted? No.**

In a nutshell, Plaintiff alleges the Supplemental Disclosures – which Plaintiff found sufficient and approved before and after they were issued – were in fact insufficient as there were allegedly matters raised in the Complaint which should have been disclosed but were not disclosed prior to the merger. This is so, Plaintiff asserts, even after "extensive negotiations" and

---

[1] This Order assumes the reader's familiarity with the filings which precede it as the parties are well versed with the facts, allegations, and arguments upon which this Order is based.

ample discovery[2] "by counsel with extensive experience and expertise in shareholder class action litigation" who was aided by a financial expert. (ECF No. 31, pp. 8, 19; No. 31-2, p. 4.) This is so, Plaintiff asserts, even though Plaintiff represented to the Court "Plaintiff and his counsel have concluded that the Supplemental Disclosures provided Level 3 shareholders with information sufficient *to make a fully informed decision on the Merger*." (ECF No. 31, p. 8 (emphasis added).)[3] But, lest Plaintiff forget, his complaint was based on allegations that "[t]he Proxy misrepresents and/or omits material information that is necessary for the Company's stockholders to make *an informed* voting decision on the Proposed Transaction." (ECF No. 1, p. 12 (emphasis added); *see also, e.g.,* p. 29 (Alleging that, absent disclosures, "shareholders will be unable to make a fully-informed voting decision on the Proposed Transaction").) A matter which Plaintiff has affirmatively represented to the Court has been completed and satisfied. (ECF No. 31, *e.g.*, p. 13 (The Supplemental Disclosures "provided shareholders with significant material information that enhanced each shareholder's ability *to make a fully-informed decision* with respect to their Level 3 shares." (emphasis added)).) Thus, the case is moot. *City Ctr. W., LP v. Am. Modern Home Ins. Co.*, 749 F.3d 912, 913 (10th Cir. 2014) ("A case that was justiciable when litigation commenced can become moot if the underlying controversy 'ceases to exist.'" (quoting *Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011))).

II. **Even if moot, dismissal is not warranted? No.**

Plaintiff argues that even if the complaint is now moot, this case should not be dismissed. Plaintiff contends class action lawsuits are different and this action is not moot merely because

---

[2] Plaintiff represented the disclosures were made "after sufficient litigation and discovery." (ECF No. 31, p. 11.) As used in this Order, the references are to the page numbers assigned to the document by the CM/ECF filing system which appear in the upper right hand corner of the document.
[3] *See, e.g.,* ECF No. 31-2, p. 6 ("Plaintiff believes that the Supplemental Disclosures permitted Level 3's shareholders to make a fully informed decision with respect to the Merger and eliminated any need for expedited or injunctive relief as sought in the Action.").

2

the relief sought has been obtained; instead, he asserts, a "flexible approach" to mootness is required. Plaintiff relies primarily on *Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134 (10th Cir. 2009). Such reliance is misplaced.

In *Clark*, the district court determined that because Clark no longer had any claim against State Farm, and no class had yet been certified, the entire case was moot. The Tenth Circuit affirmed. Such is the situation here for Plaintiff in this case. The "flexible character" of the mootness doctrine discussed in *Clark* confirms rather than disproves the same result should be reached here.

Under *Clark*, "as a general rule, a suit brought as a class action must be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has been properly certified." *Clark*, 590 F.3d at 1138 (quotation marks, citation, and brackets omitted). "[T]he mooting of a named plaintiff's claims *after* class certification[, however,] does not moot the claims of the class." *Id.* (emphasis in original). Further, "if the named plaintiff's claim becomes moot during the pendency of an appeal challenging the district court's denial of class certification, the appellate court is not divested of jurisdiction." *Id.* at 1138. Such facts, however, do not exist here.

Three other situations may allow a class to be certified despite the mooting of Plaintiff's claim prior to a certification decision: (1) "when the plaintiff's claim is capable of repetition, yet evading review"; (2) "when the plaintiff's claim is inherently transitory such that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires"; and (3) "when the defendant makes a full offer of judgement—thereby mooting the named plaintiff's claims—at so early a point in the litigation that the named plaintiff could not have been expected to file a class certification motion." *Id.* at

1139 (quotation marks, citations, and brackets omitted). Of course, even assuming such situations may nonetheless allow for class certification,[4] such are not the facts and circumstances here.

Plaintiff also cites to a number of decisions within and without this District, none of which are controlling. To the extent the holding of any of these decisions would be that, under the facts and circumstances here, this case is not moot, the Court respectfully disagrees. Further, it is unclear these cases all support Plaintiff's position. For example, Plaintiff cites to *Yost v. GeoResources, Inc.*, No. 12-cv-01307-MSK-KMT (D. Colo. Oct. 25, 2013) [Dkt. 70], but that order fails to provide sufficient information to remotely lend support to Plaintiff's position; the Court will not search the record in that case to see if such an argument may be made. *See Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1246 n.13 (10th Cir. 2003) (declining to search record for support for plaintiffs' contention). Similarly, *Finkel v. American Oil & Gas, Inc.*, No. 10-cv-01808-CMA-MEH, 2012 WL 171038 (D. Colo. Jan. 20, 2012), did involve a nonmonetary, disclosure-only settlement, but there is no indication that mootness was raised or addressed, or whether, under the facts of that case, mootness was an issue. As for *Aron v. Crestwood Midstream Partners LP*, No. 4:15-cv-01367 (S.D. Tex. July 17, 2017) [Dkt. 69], it is also unavailing. There, Aron sought a preliminary injunction and temporary restraining order to stop the shareholder vote until material disclosures took place. The Texas Court found that "[b]y quickly consenting to these disclosures, Defendants mooted Plaintiff's claims." *Id.* at 11. Thus, it appears *Crestwood* may fall within the third situation discussed by the Tenth Circuit in *Clark*.[5]

---

[4] This also assumes the movant has sufficiently shown all other requirements for certification have been met.
[5] The Tenth Circuit noted that "some courts have recognized" this third exception in the class action context, citing to the Third Circuit's decision in *Weiss v. Regal Collections*, 385 F.3d 337 (3rd Cir. 2004). It did not state that such an exception would be recognized in this circuit. *Clark*, 590 F.3d at 1139 ("Even if we were to adopt the *Weiss* rule—a question we do not decide—Clark's argument is flawed."). In *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1250 (10th Cir. 2011), however, the Tenth Circuit held "a named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is

But, assuming this exception applies, this Court has made no such findings here. Therefore, *Crestwood* also does not save this case.

### III. Should this case be dismissed? Yes.

This is not a case where just the personal claims of the named plaintiff are satisfied, and no class has been properly certified. Instead, in light of claims made and the Supplemental Disclosures, the claims of all putative class members whom Plaintiff seeks to represent here are also satisfied.

Based on the foregoing, it is **ORDERED**

(1) That the order to show cause (ECF No. 41) is made ABSOLUTE;

(2) That this entire action is DISMISSED WITHOUT PREJUDICE as moot;

(3) That the Clerk shall enter JUDGMENT in favor of Defendants and against Plaintiff; and

(4) That the Clerk is directed to close this case.

DATED this 6th day of May, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion."